IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt, #10241269, | ) C/A No. 8:16-1130-TMC-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| United States of America, Department of the Navy, Secretary of the Navy, Tricare, | ) |
| Defendants. | ) |

Kalvin Dontay Hunt ("Plaintiff"), proceeding pro se, brings this civil action seeking damages. Plaintiff apparently is involuntarily confined at the Columbia Regional Care Center.[1] He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

On or about April 1, 2016, Plaintiff filed this civil action against United States of America, Department of the Navy, Secretary of the Navy, and Tricare. [Doc. 1.] He alleges deliberate indifference, indecent assault, and discrimination. [*Id.* at 2.] Plaintiff alleges many facts, and this Court notes the following summary of them. In February 2006, a military colleague committed an indecent assault on Plaintiff and took a picture of it. [Doc. 1.] Plaintiff reported the assault to superior officers, but they failed to handle the incident properly; this triggered Plaintiff to have psychosis. [*Id.*] Eventually, Plaintiff was discharged

---

[1]Plaintiff is apparently involuntarily confined in the South Carolina Department of Mental Health after being found not guilty of certain criminal charges by reason of insanity. *See* Order, *Hunt v. State of South Carolina*, C/A No. 3:15-4778-TMC (April 22, 2016), ECF No. 18 at n.1.

from the United States Marines with a "bad conduct discharge" and given a small supply of medicine for his psychosis. [*Id.*] Plaintiff came to South Carolina, and he was taken to Naval Hospital Beaufort due to his psychosis to be admitted to the "psychward." [*Id.*] Plaintiff was deemed "mentally ill" but left unattended, and he escaped the hospital. [*Id.*] He stole an idling firetruck, caused property damage, and then struck an innocent bystander and killed him. [*Id.*]

After spending about two years and ten months in the Beaufort County Detention Center, Plaintiff was found "not guilty by reason of insanity" of certain criminal charges. [*Id.*] Now, Plaintiff is "detained at the South Carolina Department of Mental Health." [*Id.*]

Based on those facts, Plaintiff alleges Defendants were deliberately indifferent to Plaintiff's medical needs and to the innocent bystander's life, and they were irresponsible and negligent in the handling of the indecent assault and the military discharge. [*Id.*] And, he alleges Tricare refused giving him proper health care. [*Id.*] He seeks damages from Defendants because they failed him and violated his civil rights. [*Id.*] He contends Defendants are responsible for the wrongful death of the innocent bystander and for the decline in Plaintiff's health. [*Id.*]

Plaintiff alleges he has "exhausted all administrative means pertaining to this case." [*Id.*] And, he alleges he has "recently filed a standard form 95 pertaining to this case and awaiting a response." [*Id.*]

This Court takes judicial notice that Plaintiff alleges facts in the Complaint very similar to the facts alleged in his prior civil action, *Hunt v. United States President, et al.*, C/A No. 3:15-4389-TMC-JDA, and he sues virtually the same Defendants again. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly

take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). On or about October 28, 2015, Plaintiff filed a civil action against United States President, Vice President, Secretary of Defense, Joint Chief of Staff, Secretary of the Navy, Commandant of Marine Corps, Sergeant Major of Marine Corps, Tricare, and United States Federal Government, and on January 29, 2016, this Court adopted the Report and Recommendation and dismissed the action without prejudice and without issuance and service of process. *See* Order, *Hunt v. United States President, et al.*, C/A No. 3:15-4389-TMC-JDA (D.S.C. Jan. 29, 2016), ECF No. 19.

In that prior civil action, Plaintiff alleged the following:

> He alleges that this action concerns: "criminal negligence, racial discrimination, prejudice, wrongful discharge, indecent assault, taxation without representation, public humiliation and exploitation." [*Id.*]
>
> Liberally construed, Plaintiff alleges the following facts. More than six years ago, while he was serving in the military, Plaintiff was a victim of an indecent assault by another male. [*Id.*] The other male placed his testicles on Plaintiff's face while he was sleeping and took a picture. [*Id.*] Plaintiff was distressed and began self-medicating with alcohol and drugs for a six-year period. [*Id.*] Plaintiff reported the incident to a gunnery sergeant who failed to take action. [*Id.*] This incident "was solely responsible for destroying [his military] career," and he was separated for "bad conduct" and demoted from an E-5 to E-1. [*Id.*]
>
> Plaintiff complained of suicidal thoughts due to the incident, but the military did not give him "a medical opt out." [*Id.*] "Tricare health care professionals they diagnosed [Plaintiff] as a malingerer, [feigning] for monetary gain although [he is] a OEF/OIF veteran." [*Id.*] Although Plaintiff was mentally unstable, he was placed on "unpaid appellate leave status" with a 90-day supply of anti-psychotic medication but without a proper out-patient treatment plan. [*Id.*] Plaintiff became

3

> psychotic and homeless and did not have "V.A. coverage eligibility." [*Id.*]
>
> During Plaintiff's time in a Tricare mental health facility, he noticed that other service members with the same symptoms were medically relieved from service. [*Id.*] Because of his ethnicity[], Plaintiff was cleared for duty on several occasions. [*Id.*]
>
> In February of 2012, Plaintiff committed a murder due to his mental illness. [*Id.*] After serving 34 months in the Beaufort County Detention Center, Plaintiff was found "criminally insane during the commission of the crime due to [schizophrenia] paranoid type." [*Id.*]
>
> Plaintiff contends that he did not receive proper treatment through the victim advocacy program, and the government was criminally negligent which caused him to commit the murder. [*Id.*] Plaintiff alleges he has written complaints to the N.A.A.C.P., the commander-in-chief, and members of the cabinet. [*Id.*] He also alleges he has been the victim of taxation without representation. [*Id.*] And, based on these facts, his constitutional rights have been violated. [*Id.*]
>
> For his relief, Plaintiff seeks "public vindication from the crime by way of presidential pardon." [*Id.*] He seeks reimbursement for his legal fees, health care costs, and medical severance back-pay. [*Id.*] He requests to be restored to E-5 rank with a medical retirement and to receive all benefits offered to veterans. [*Id.*] He also seeks damages and a "congressional investigation be conducted to exonerate [him] from blame in this case completely." [*Id.*]

*See* Report and Recommendation, *Hunt v. United States President, et al.*, C/A No. 3:15-4389-TMC-JDA (D.S.C. Jan. 4, 2016), ECF No. 16, *adopted by*, Order, ECF. 19.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

**I. ANALYSIS OF THIS LAWSUIT**

As discussed above, on January 29, 2016, this Court dismissed Plaintiff's prior action against virtually the same Defendants[2] which raised very similar claims. *See* Order, *Hunt v. United States President, et al.*, C/A No. 3:15-4389-TMC-JDA (D.S.C. Jan. 29, 2016), ECF No. 19. Although that action was dismissed without prejudice, this Court cannot glean anything new in the instant action that would cause it to reconsider the legal analysis.[3] The same analysis still applies; thus, the instant action should be dismissed for the same reasons as previously explained by this Court. *See* Report and Recommendation, *Hunt v. United States President, et al.*, C/A No. 3:15-4389-TMC-JDA (D.S.C. Jan. 4, 2016), ECF No. 16, *adopted by*, Order, ECF. 19.

Additionally, this action should be dismissed because it is frivolous and/or malicious because this Court previously explained to Plaintiff that his very similar allegations in the prior lawsuit failed to state a plausible claim against the United States President, Vice President, Secretary of Defense, Joint Chief of Staff, Secretary of the Navy, Commandant of Marine Corps, Sergeant Major of Marine Corps, Tricare, and United States Federal Government. *See* Report and Recommendation, *Hunt v. United States President, et al.*, C/A No. 3:15-4389-TMC-JDA (D.S.C. Jan. 4, 2016), ECF No. 16, *adopted by*, Order, ECF.

---

[2]The Defendant in the prior lawsuit—United States Federal Government—is the same as the Defendant in the instant lawsuit—United States of America. In the prior lawsuit, by Plaintiff suing the Secretary of the Navy, that is virtually identical to Plaintiff suing the Department of the Navy in the instant lawsuit. Plaintiff sued the Secretary of the Navy and Tricare in both lawsuits.

[3]Plaintiff's allegation that he recently filed a standard form 95 pertaining to this case and awaiting a response does not change anything. As explained in the prior civil action, this Court lacks jurisdiction over a FTCA case until the administrative claim has been filed with the appropriate federal agency and finally denied by the agency.

19. A lawsuit is frivolous if it lacks an arguable basis in law or fact. *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012). And, this repetitive lawsuit rises to the level of a malicious lawsuit. *See Herbert v. South Carolina*, C/A No. 3:13-453-CMC-PJG, 2013 WL 2242445, at *3 (D.S.C. May 21, 2013), *appeal dismissed*, 539 F. App'x 157 (4th Cir, 2013).

## II. WARNING TO PLAINTIFF RELATED TO FUTURE LAWSUITS

Federal courts have the authority to issue narrowly tailored pre-filing injunctions against vexatious litigants. *See Cromer v. Kraft Foods North Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Larrimore v. Eli Lilly & Co.*, 288 F. App'x 115 (4th Cir. 2008). This Court is mindful that such a measure is only used sparingly, and that "a judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Cromer*, 390 F.3d at 817–18. Also, before a pre-filing injunction is issued, a judge "must afford a litigant notice and opportunity to be heard." *Id.*

If Plaintiff continues to file meritless, repetitive lawsuits in this Court against similar defendants raising similar factual allegations, this Court will consider entering a notice and rule to show cause why an order of pre-filing review should not issue against Plaintiff. This Court will consider requiring Plaintiff to pay the statutory filing fee for future non-habeas civil actions, at least when he sues the United States President, Vice President, Secretary of Defense, Joint Chief of Staff, Secretary of the Navy, Commandant of Marine Corps, Sergeant Major of Marine Corps, Tricare, United States Federal Government, United States of America, and Department of the Navy with respect to similar factual allegations.

## **RECOMMENDATION**

It is recommended that this action be dismissed without prejudice and without

issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

May 11, 2016                                                          S/Jacquelyn D. Austin
Greenville, South Carolina                                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).